IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAVID JOSHUA BARTCH, | * | |
| Judgment Creditor, | * | |
| v. | * | |
|  | * | Civil No. 23-0101-BAH |
| MACKIE A. BARCH, *et al.*, | * | |
| Judgment Debtors. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

After securing a judgment against Mackie A. Barch and Trellis Holdings, Maryland, Inc. ("Trellis," and, collectively, "Debtors") in the District Court for the District of Colorado in the amount of 6.4 million dollars, Judgment Creditor David Joshua Bartch ("Creditor") now seeks to enforce the judgment in this Court. ECFs 1, 3. Currently pending before the Court is Debtors' motion to vacate this Court's charging order at ECF 70 against Trellis' membership interest in garnishee Culta, LLC ("Culta"). ECF 79. Creditor filed a response in opposition. ECF 88. The filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Debtors' Motion is **DENIED**.

**I.     BACKGROUND**

This case is before this Court today after a years-long legal saga. In September 2022, after nearly four years of litigation, Judge R. Brooke Jackson of the United States District Court for the

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

District of Colorado found that Debtors had breached a contract with Creditor and ordered 6.4 million dollars in damages against Debtors.  ECF 1-1; *Bartch v. Barch*, Civ. No. 18-03016, 2022 WL 4092689, at *6 (D. Colo. Sept. 7, 2022) (hereinafter "*Bartch I*").  Judge Jackson later amended the judgment to award post-judgment interest to Creditor.  ECF 3-1; *Barch v. Barch*,[2] Civ. No. 118-03016, 2022 WL 16924003, at *4 (D. Colo. Nov. 14, 2022).[3]  The factual details of that case are immaterial to this Court now, but it centered around an agreement between the parties regarding the ownership of Culta,[4] a cannabis retailer licensed under Maryland state law.  *Bartch I*, 2022 WL 4092689, at *1–2.  Creditor filed a registration of the District of Colorado's judgment in this Court on October 31, 2022, ECF 1, and filed the amended judgment awarding Creditor post-judgment interest on November 23, 2022, ECF 3.

At issue today is Debtors' motion to vacate the Honorable Judge Griggsby's[5] order at ECF 70, which granted Creditor's motion for a charging order against Debtor Trellis' membership interest in Culta, LLC.  ECF 79.  Per that order, Creditor is "entitled to receive any and all distributions now due or that may become due to [Trellis] by virtue of Trellis's interest in Culta"

---

[2] In some of the post-judgment proceedings in the Colorado case, the case name appears to have omitted the "t" in Mr. Bartch's name.

[3] Debtors have since filed multiple motions for reconsideration or relief from judgment, all of which have been denied.  *Barch v. Barch*, Civ. No. 118-03016, 2024 WL 480625, at *1–4 (D. Colo. Feb. 1, 2024) (misspelling of party names in original) (denying motion to vacate under Federal Rules of Civil Procedure 60(b)(4) based on an argument substantially similar to the one before this Court on the present motion); *Barch v. Barch*, Civ. No. 118-03016, ECF 248 (D. Colo. July 7, 2023) (PACER) (misspelling of party names in original) (denying Debtors' motion for reconsideration).  Debtors' appeal of the District of Colorado's judgment is pending before the Tenth Circuit.  *Bartch v. Barch*, No. 24-2049 (10th Cir. filed Feb. 7, 2024).

[4] Culta, though not a party to this motion, is present before this Court in this case as a garnishee. *See* ECFs 14, 15.

[5] Judge Griggsby presided over this case until October 23, 2023, when it was transferred to me.

until the judgment is satisfied. ECF 70. Debtors now move to vacate that order under Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). ECF 79-1, at 3. Debtors argue that the charging order "constitutes a directive by a federal court to violate federal criminal law" and must therefore be vacated. ECF 79-1, at 3. Creditor claims that Debtors' argument is baseless and that the Court had ample authority to enter the charging order and maintains authority to enforce it. ECF 88-1, at 1–2.

## II.     LEGAL STANDARD

Rule 60(b) allows a court to provide relief from an order or final judgment against a party under specific circumstances. *See* Fed. R. Civ. Pro. 60(b). As a threshold matter, "[t]o prevail [on a Rule 60(b) motion], a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023) (citing *Dowell*, 993 F.2d at 48). Here, Debtors specifically seek relief under provisions 60(b)(4) and 60(b)(6). ECF 79-1, at 5–10.

Rule 60(b)(4) allows a court to relieve a party from a judgment that is void. Fed. R. Civ. Pro. 60(b)(4). "'[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final.' But the list of 'infirmities' triggering voidness 'is exceedingly short[.]'" *Fed. Trade Comm'n v. Ross*, 74 F.4th 186, 191–92 (4th Cir. 2023), *cert. denied*, No. 23-405, 2024 WL 218784 (U.S. Jan. 22, 2024) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). Here, Debtors assert that the judgment is void because the Colorado District Court lacked subject matter jurisdiction over the case. ECF

3

79-1, at 5–8. "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

Rule 60(b)(6), in contrast, is "a catchall provision providing that the court may grant relief from a final judgment for 'any other reason that justifies relief.'" *Sec. & Exch. Comm'n v. Tsao*, 317 F.R.D. 31, 36 (D. Md. 2016), *aff'd*, 671 F. App'x 157 (4th Cir. 2016) (quoting Fed. R. Civ. P. 60(b)(6)). Demonstrating that relief is warranted under this rule is no easy task, however. "The Supreme Court . . . has limited the application of Rule 60(b)(6) to cases where 'such action is appropriate to accomplish justice,' and that 'involve[] extraordinary circumstances.'" *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023) (first quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949), then quoting *Dowell*, 993 F.2d at 48). "The exceptional circumstances requirement helps balance the 'sanctity of final judgments' with the court's responsibility to ensure justice is done." *Tsao*, 317 F.R.D. at 36 (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

### III. <u>ANALYSIS</u>

Debtors' arguments in the instant motion center on the fact that marijuana, the product sold by garnishee Culta, is a federally illegal drug.[6] *See* ECF 79-1, at 2–3. Because marijuana is

---

[6] In 1970, Congress passed the Controlled Substances Act (CSA), which, among other things, prohibited the use, distribution, manufacturing, and possession of cannabis. *See Gonzales v. Raich*, 545 U.S. 1, 11–13 (2005); *see also* Controlled Substances Act (CSA), 84 Stat. 1242, 21 U.S.C. § 801 *et seq*. Cannabis, also referred to as marijuana, remains federally illegal. *See Gonzales*, 545 U.S. at 15; 21 U.S.C. § 801 *et seq*.; 21 C.F.R. § 1308.11(d). Despite this federal ban, however, a majority of states have legalized medical marijuana use, and nearly half of all states (plus the District of Columbia and two United States territories) have legalized recreational marijuana use for adults. *State Medical Cannabis Laws*, National Conference of State Legislatures (June 22, 2023), https://www.ncsl.org/health/state-medical-cannabis-laws [https://perma.cc/2QK6-MYFK].

federally illegal, Debtors argue, this Court lacked subject matter jurisdiction to enter the charging order directing Culta to provide the payments it would have made to Debtor Trellis to Creditor instead because those payments stem from the sale of marijuana. *Id.* at 5–8. Alternatively, Debtors argue that the charging order "facilitates ongoing violations of the CSA and therefore raises significant and extraordinary circumstances warranting relief under Rule 60(b)(6)." *Id.* at 8. Creditor counters that the federal legal status of marijuana does not impact this Court's jurisdiction to enter a charging order enforcing a final decision from another federal district court and that "Supreme Court precedent dating back more than a century holds that federal courts have the power to order the distribution of funds that were illegally obtained." ECF 88-1, at 1–2.

### A. Relief is not warranted under Rule 12(b)(4) because the charging order is not void for lack of jurisdiction.

Debtors first argue that this Court's charging order is void as applied to Culta because "the express remedy that it provides in this instance demands a violation of federal law; namely, distributing profits from Culta's marijuana-related business activities." ECF 79-1, at 7. Debtors reason that this indicates that "[Creditor] lacks an actionable injury in this judgment enforcement proceeding, as directed to Culta, and therefore, lacks standing, which should have divested the Court of its subject matter jurisdiction with respect to the Motion for Charging Order (as applied to Culta)." *Id.* at 7–8. This argument fails.

Debtors highlight several cases in which they claim that "federal courts have refused to enforce contracts and award damages pertaining to marijuana-related businesses when no other remedy exists except one that would compel a party to violate the [Controlled Substances Act]."

---

Maryland has legalized both the sale and use of medical marijuana and recreational marijuana. *Id.*; *see also* H.B. 556, 2023 Leg., Ch. 254 (Md. 2023); S.B. 516, 2023 Leg., Ch. 255 (Md. 2023) (creating statutory scheme to govern sale of recreational marijuana and establishing the Maryland Cannabis Administration to regulate the cannabis industry in the state).

5

ECF 79-1, at 6–8 (citing *Sensoria, LLC v. Kaweske*, No. 20-00942, 2021 WL 103020 (D. Colo. Jan. 12, 2021); *Polk v. Gontmakher*, Civ. No. 18-01434, 2020 WL 2572536 (W.D. Wash. May 21, 2020); *J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.*, Civ. No. 3:18-01104, 2020 WL 1855190 (D. Or. Apr. 13, 2020); *Bart St. III v. ACC Enters., LLC*, Civ. No. 2:17-00083, 2018 WL 4682318 (D. Nev. Sept. 27, 2018); *Next Step Advisors LLC v. True Harvest Holdings Inc.*, 641 F. Supp. 3d 655 (D. Ariz. 2022)).  But of the cases Debtors cite, only one addresses the impact of illegal conduct on standing, and not one involves a judgment enforcement proceeding.  *Compare Next Step Advisors, LLC*, 641 F. Supp. 3d at 657–58 (finding that plaintiffs alleging breach of contract claims regarding marijuana business lacked redressability and therefore did not have standing to bring claims) *with Sensoria, LLC*, 2021 WL 103020, at *5–6 (addressing the *affirmative defense* of illegality), *and Polk*, 2020 WL 2572536, at *3 (dismissing complaint for failure to state a claim, not for lack of standing), *and J. Lilly, LLC*, 2020 WL 1855190, at *12–13 (granting partial summary judgment without any discussion of standing), *and Bart St. III*, 2018 WL 4682318, at *8 (dismissing for failure to state a claim and conducting no standing analysis).

In the case Debtors cite that is closest to being on point, *Next Step Advisors, LLC*, the District Court for the District of Arizona found that the plaintiffs in that case lacked standing to bring breach of contract claims regarding a marijuana business because the court could not order any remedy that would require a party to violate federal law (*e.g.*, by engaging in the sale of marijuana), and thus the plaintiffs lacked redressability.  641 F. Supp. 3d at 657–58.  Since that decision, however, the Ninth Circuit (in whose jurisdiction the District of Arizona falls) has held that "the fact that [a party] seek[s] damages for economic harms related to cannabis is not relevant to whether a court could, theoretically, fashion a remedy to redress their injuries."  *Shulman v. Kaplan*, 58 F.4th 404, 409 (9th Cir. 2023); *see also* ECF 88-1, at 11–12 (arguing that *Shulman*

effectively overrules *Next Step Advisors, LLC*, in relevant part). The holding of a single out-of-jurisdiction case that has since been undercut by the relevant circuit court holds little persuasive value. *See also Barch v. Barch*, Civ. No. 18-03016, 2024 WL 480625, at *4 (D. Colo. Feb. 1, 2024) (finding the same).

Furthermore, the remedy being sought before this Court is not the enforcement of a contract; it is the enforcement of the binding judgment of another federal court. Even if this Court were to find that it was powerless to enforce a contract based on a cannabis business, it does not follow that the Court would lack the power to enforce a valid judgment from another court that had already ruled on the merits of the underlying claim. The District of Arizona found that Creditor has suffered an injury, and this Court has the power to redress that injury through directing that Debtors' distribution from their interests in a business entity be redirected to Creditor. Creditor has standing, and this Court has jurisdiction to enter and enforce the charging order.

Debtors fail to show that this Court lacked jurisdiction to enter the charging order, and, as such, relief is not warranted under Rule 60(b)(4).

### B.   There are no extraordinary circumstances that warrant relief under Rule 60(b)(6).

Debtors next argue that, because the charging order "facilitates ongoing violations of the [Controlled Substances Act]," it gives rise to "significant and extraordinary circumstances warranting relief under Rule 60(b)(6)." ECF 79-1, at 8. Debtors further assert that "the interests of justice are not served by allowing a federal court to facilitate an ongoing violation of the [Controlled Substances Act]." *Id.* In an attempt to find attenuated support for this argument in case law, Debtors point to a slew of bankruptcy cases in which bankruptcy courts "recognized the severe limits imposed on federal courts to grant relief and exercise control over federally illegal

marijuana-related business interests."[7] *Id.* at 8–9 (citing *In re Great Lakes Cultivation, LLC*, 21-12775, 2022 WL 3569586 (E.D. Mich. Aug. 18, 2022); *In re Burton*, 610 B.R. 633 (B.A.P. 9th Cir. 2020); *In re Malul*, 614 B.R. 699 (Bankr. D. Colo. 2020); *In re Way to Grow, Inc.*, 597 B.R. 111 (Bankr. D. Colo. 2018); *In re Arenas*, 514 B.R. 887 (Bankr. D. Colo. 2014)). None of these cases, however, involve a court granting relief under Rule 60(b)(6). Instead, they simply provide further examples of courts refraining from granting relief that implicates marijuana businesses. *See In re Great Lakes Cultivation, LLC*, 2022 WL 3569586, at *4–6 (finding bankruptcy court did not abuse its discretion in dismissing case because ordering private trustee to take possession of marijuana-related assets would be illegal); *In re. Burton*, 610 B.R. at 639 (same); *In re Way to Grow, Inc.*, 597 B.R. at 133 (denying bankruptcy relief to marijuana business due to illegal nature of the business); *In re Malul*, 614 B.R. at 714 (same); *In re Arenas*, 514 B.R. at 895 (dismissing case because trustee could not lawfully take possession of marijuana business' assets).

The fact that there is considerable disagreement among courts as to how to treat cases that implicate marijuana businesses that are legal at the state level is not an "extraordinary circumstance" that warrants relief under Rule 60(b)(6). For a Rule 60(b)(6) motion to prevail, the relief granted must be necessary to accomplish justice. *Justus v. Clarke*, 78 F.4th 97, 106 (4th Cir.

---

[7] This Court is no stranger to arguments such as this one. *See Jensen v. Maryland Cannabis Administration*, Civ. No. 24-0273-BAH, 2024 WL 811479, at *8 (D. Md. Feb. 27, 2024) (noting that "it is not the place of a federal court to facilitate federally prohibited activity" in the context of a preliminary injunction related to the issuance of licenses for Maryland's cannabis industry). In *Jensen*, the Court considered the equitable concerns regarding the Court's impact on the cannabis market in the context of a preliminary injunction, which specifically requires the Court to analyze the balance of equities. *Id.* at *7–8. (The Court also found that the Plaintiff, despite being engaged in the cannabis industry, had standing. *Id.* at *4–6.) This case is before the Court in a very different procedural posture than *Jensen*. While in *Jensen*, the Court was making an equitable decision on a preliminary injunction and the merits of a challenge to Maryland's cannabis licensing program, *see id.*, at *3–12, here, the Court is tasked only with enforcing the valid judgment of another federal district against Debtors, some of whose funds happen to derive from a share of a third-party cannabis-related business.

2023). This is simply not the case here. A federal court entered judgment against Debtors in favor of Creditor, and all that would be accomplished by vacating this Court's charging order would be to allow Debtors to delay the payment of that judgment.

Debtors fail to show that extraordinary circumstances in this case, and, as such, relief under Rule 60(b)(6) will not be granted.

## IV.  CONCLUSION

For the foregoing reasons, Debtors motion to vacate the Court's charging order at ECF 70 against Trellis' membership interest in Culta, ECF 79, is **DENIED**.

A separate implementing Order will issue.

Dated: March 5, 2024

/s/
Brendan A. Hurson
United States District Judge