# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DAVID JOSHUA BARTCH, | * |
| Judgment Creditor, | * |
| v. | * |
|  | *   Civil No. 23-0101-BAH |
| MACKIE A. BARCH, et al., | * |
| Judgment Debtors. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 13, 2024, this Court denied without prejudice the motion for release of garnished property filed by Judgment Debtors Mackie A. Barch and Trellis Holdings, Maryland, Inc. ("Debtors"). *See* ECFs 100 (Memorandum Opinion), 101 (Implementing Order). Debtors now move the Court to reconsider its decision, arguing that the Court incorrectly relied on a Supreme Court case in determining that Debtor Mackie Barch's inherited IRA account (the "Inherited IRA") with Morgan Stanley & Co., LLC ("Morgan Stanley") was not exempt from levy. ECF 108. Judgment Creditor David Joshua Bartch ("Creditor") filed an opposition, ECF 111,[1] and Debtors filed a reply in support, ECF 112. Creditor's motion for judgment as to garnishee Morgan Stanley, ECF 105, is also pending. To that motion, Debtors filed a response in opposition, ECF 109, and Creditor filed a reply, ECF 110. The Court has reviewed all relevant filings and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below,

---

[1] Creditor's arguments in opposition to the Motion for Reconsideration are found in its Reply to Debtors' response to Creditor's motion for Judgment as to Morgan Stanley & Co., LLC. *See* ECF 110.

Debtors' motion for reconsideration. ECF 108, is **DENIED** and Creditor's motion for judgment, ECF 105, is **GRANTED**.

I.   **LEGAL STANDARD AND ANALYSIS**

   A.   Motion for Reconsideration

Debtors ask the Court to reconsider its finding that under "*Clark v. Rameker*, 573 U.S. 122, 127 (2014) . . . [,] the exemption of § 11-504(h)(1) of the Courts and Judicial Proceedings ("CJP") Article of the Maryland Code did not include IRAs if they are inherited by the judgment debtor." ECF 108, at 1. Debtors argue "the Maryland exemption is broader than the federal scheme considered by the Supreme Court in *Clark*," thus Maryland law, unlike the federal exemption at issue in *Clark*, would "allow for an exemption even when the debtor has money paid to it from a retirement plan." *Id.* at 6. Debtors also imply that reconsideration is warranted because "neither [the] [] Creditor nor [the] [] Debtor[s] made [the argument regarding *Clark*] during the entirety of the briefing related to the Inherited IRA." *Id.* at 1.

A district court may reconsider an interlocutory order under Federal Rule of Civil Procedure 54(b). Fed. R. Civ. P. 54(b) (explaining that when an order "adjudicates fewer than all the claims" and "does not end the action as to any of the claims," the Court may revise that order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Lynn v. Monarch Recovery Mgmt, Inc.*, 953 F. Supp. 2d 612, 618 (D. Md. 2013). A district court's power to reconsider a prior order under Rule 54(b) "involves broader flexibility" than its power to revise final judgments or orders under Rules 59(e) or 60(b), though the standards for evaluating each are similar. *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 256–57 (4th Cir. 2018) (quoting *Carlson v. Boston Sci. Corp.*, 856 F.3d 325 (4th Cir. 2017)); *see also Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018) (citing *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015)).

2

As such, a court may reconsider an order under Rule 54(b) when (1) there has been a change in controlling applicable law; (2) the Court made a clear error resulting in manifest injustice; or (3) new facts or evidence have emerged that could not have been discovered before the motion was filed. *See U.S. Tobacco Coop. Inc.*, 899 F.3d at 257 (citing *Carlson*, 856 F.3d at 325); *see also Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Local Rule 105.10 permits a party to move to reconsider an order of the Court within fourteen days. *See* Loc. R. 105.10 (D. Md. 2023).

Here, Debtors have not pointed to any of the listed bases to grant reconsideration. Furthermore, the motion for reconsideration is untimely, as it was filed nearly a month after the entry of the Court's decision on this matter. *See* ECF 108 (showing that motion to reconsider was filed on April 10, 2024); ECF 101 (showing that underlying order was entered on March 13, 2024). Though Debtors are correct that the Court denied the underlying motion without prejudice, this does not give Debtors free reign to file a motion to reconsider the decision at any time. Accordingly, the motion to reconsider, ECF 108, could arguably be denied on that basis alone. However, the Court chooses to reach the merits of Debtors' arguments since it essentially invited the parties to address *Clark* when it denied the underlying motion for release of the Inherited IRA without prejudice. *See* ECF 110, at 6 ("Nevertheless, because the parties did not address this issue in their filings, the Court will deny the renewed motion for release of garnished property with respect to the inherited IRA without prejudice.").

Debtors' motion also fails on the merits. Debtors allege that reconsideration is warranted because "Maryland courts have acknowledged that the Maryland exemption is broader than the federal scheme considered by the Supreme Court in *Clark*." ECF 108, at 4 (citing *In re Gibson*, 300 B.R. 866, 868 (D. Md. 2003)). *In re Gibson*, however, did not address a situation like the one presently before the Court. There, the district court affirmed a bankruptcy court's finding that the

creditor exemption status in CJP § 11–504(h)(4) applied to retirement account funds that were dispersed from a debtor's qualified retirement account but remained in the debtor's checking account during the 60–day grace period during which the funds could be rolled over into another qualified retirement plan while still retaining their tax-exempt status. *In Re Gibson*, 300 B.R. at 869. Acknowledging that "[t]he language and application of the Maryland exemption scheme is broader than that of the federal exemption scheme," Judge Chasanow ultimately upheld the bankruptcy court's determination that under the Maryland exemption scheme, "the money paid from the retirement plan did not lose its exempt status despite having been deposited into a regular checking account." *Id.* at 871.

Key to this holding, however, was the bankruptcy court's finding that the exemption applied "as long as [the dispersed funds] were re-deposited into a qualified retirement account within 60 days from the date of withdrawal from [debtor's] retirement account." *Id.* at 868. This is not the case here, where the debtor is "*required* to withdraw money from [the Inherited IRA] regardless of how close they are to retirement, is unable to contribute to the inherited IRA, and is able to withdraw the full balance of the inherited IRA at any time without any penalty." ECF 100, at 6 (emphasis in original). Further, the motivation behind the expansion of the exemption under Maryland law was to prevent "devastating results for pension and retirement savings." *See In re Solomon*, 67 F.3d 1128, 1133 (4th Cir. 1995). Indeed, Judge Chasanow explicitly noted in *In Re Gibson* that "the bankruptcy court's ruling upholding the funds' exemption until the expiration of the 60-day period supports the purpose behind pension and retirement plans: to ensure that workers have sufficient funds with which to support themselves and their dependents during their retirement years." *In Re Gibson*, 300 B.R. at 871 (citing *In re Solomon*, 67 F.3d at 1133). In contrast, "an *inherited* IRA is fundamentally different from other retirement accounts in that it is

4

not actually a tool to finance the retirement of the beneficiary who inherits it." ECF 100, at 5-6 (citing *Clark*, 573 U.S. at 127-28) (emphasis added). Though the Court agrees that Maryland law provides for "a broader exemption than the federal exemption," ECF 108, at 6, the exemption is not as broad as Debtors contend. As such, the Court declines to reconsider its March 13, 2024 decision.[2]

B.   Judgment

Federal Rule of Civil Procedure 69 provides that, unless a federal statute applies, state law governs actions regarding money judgments. *See* Fed. R. Civ. P. 69. The Court therefore applies Maryland law. Under Maryland Rule 2-645(g), "[i]f the garnishee files a timely answer, the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a reply contesting the answer within 30 days after its service." Md. Rule 2-645(g). However, "[i]f a timely reply is not filed, the court may enter judgment upon request of the judgment creditor." *Id.* Moreover, Maryland Rule 2-645(j) stipulates that "[t]he judgment against the garnishee shall be for the amount admitted plus any amount that has come into the hands of the garnishee after service of the writ and before judgment is entered, but not to exceed the amount owed under the creditor's judgment against the debtor and enforcement costs." *Id.* at 2-645(j).

Here, a writ of garnishment as to Morgan Stanley was issued on December 12, 2022. ECF 27. Morgan Stanley filed a timely answer on January 5, 2023. ECF 38. In its answer, Morgan Stanley reported that the account balance was $159,620.55. *Id.* Creditor filed no objection. In

---

[2] Debtors also seek reconsideration based on non-binding authority from bankruptcy courts in the Western District of Texas and Arizona. *See* ECF 108, at 5-6 (citing *In re Kara*, 573 B.R. 696 (Bankr. W.D. Tex. 2017) and *In re Pacheco*, 537 B.R. 935 (Bankr. D. Ariz. 2015)). The Court finds these cases inapposite for the reasons noted in ECF 110, at 5-6.

5

response to Creditor's motion for judgment as to the account, Debtors identify no other impediment to implementing the judgment aside from the pending motion for reconsideration, which the Court has now decided. All conditions being satisfied under Maryland Rule 2-645 and Debtors' motion for reconsideration being denied, Creditor's motion for judgment as to garnishee Morgan Stanley, ECF 105, is GRANTED.

## II.   **CONCLUSION**

For the foregoing reasons, Debtors' motion for reconsideration (ECF 108) is DENIED and Creditor's motion for judgment as to garnishee Morgan Stanley (ECF 105) is GRANTED. It is further ORDERED that Morgan Stanley shall liquate all assets held in the Inherited IRA of which Mackie Barch is the sole beneficiary and turn over liquidated funds to Creditor's counsel of record, Jonathan Helfgott of Lahti Helfgott LLC, 1580 Logan Street, Floor 6, Denver, Colorado 80203.

Dated: <u>December 17, 2024</u>

/s/
Brendan A. Hurson
United States District Judge